UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEWSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MERCEDES-BENZ FINANCIAL SERVICES,<br><br>　　　　Defendant. | No. 2:24-cv-0279 DJC SCR PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned by operation of Local Rule 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP, ECF No. 2, will be granted. However, in screening Plaintiff's Complaint, as required by 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint fails to state a claim. Because no additional facts could cure these fatal defects, the undersigned recommends that the Complaint be dismissed without leave to amend.

**I. SCREENING**

**A.   Legal Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Courts review the complaint that initiates the case to perform this screening function.  They are guided by the Federal Rules of Civil Procedure, which are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the Court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The Court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

////

to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### B. The Complaint

Plaintiff's Complaint names one defendant, Mercedes-Benz Financial Services. ECF No. 1 at 2. The Complaint identifies both federal question and diversity of citizenship as the basis for federal jurisdiction. *Id.* at 3. For federal question jurisdiction, Plaintiff lists several federal statutes he claims Defendant violated: 12 U.S.C. § 412 ("Section 16") and 12 U.S.C. § 504 ("Section 29") of the Federal Reserve Act; 15 U.S.C. §§ 1601-1662 of the Truth in Lending Act, and 42 U.S.C. § 1983 of the Civil Rights Act. *Id.* at 4. For diversity of citizenship jurisdiction, he pleads he is a citizen of California and Defendant is a corporation that is incorporated and has its principal place of business in Texas, and that the amount in controversy is $124,000.00. *Id.* at 4-5. With respect to his claims against Defendant, he states:

> I submitted a [sic] application to Mercedes Benz to Finance a Mercedes Benz S580 2023 and was denied. I then sent 3 letters certified mail putting them on notices [sic] that this was a violation of my Consumer rights truth in Lending act and by withholding my securities and denying me access to my credit would be Securities Fraud. 10-16-23, 11-16-23, 12-14-23 are the dates I sent the letters.

*Id.* at 5. For relief, Plaintiff seeks to have the Court order Defendant "to give [him] the car [he] applied for and a [sic] extra $300,000.00" for ignoring the letters he sent them. *Id.* at 6. Plaintiff attaches six exhibits to his Complaint: (1) Mercedes-Benz Financial Services Notice of Action Taken and Statement of Reasons declining Plaintiff's application for credit on September 16, 2023; (2) what appears to be a letter from Plaintiff to Defendant mailed October 16, 2023, asking Defendant to "retract" his application since he was denied and the denial was a violation of law;

3

(3) Defendant's response to Plaintiff's October 16, 2023, letter; (4) what appears to be a letter from Plaintiff to Defendant mailed November 6, 2023, again asking Defendant to "retract" his application since he was denied and the denial was a violation of law; (5) Defendant's response to Plaintiff's November 6, 2023, letter; and (6) the same letter mailed by Plaintiff on November 6, 2023, but with a receipt from United States Postal Service dated December 11, 2023.

### C. Analysis

The Complaint fails to state a claim upon which relief can be granted.

#### 1. Violations of the Federal Reserve Act

Plaintiff cannot state a claim for relief under the Federal Reserve Act ("FRA"), which does not provide for a private right of action. *Williams v. State Employees Credit Union*, No. 5:24-cv-0053-M-BM, 2024 WL 3843597, at *6 (E.D.N.C. July 23, 2024) (citations and quotation marks omitted) ("[T]he Federal Reserve Act, codified at 12 U.S.C. § 412, does not 'create a private cause of action arising under federal law.'") (quotation omitted); *Robinson v. Trumark Financial Credit Union*, No. 24-cv-1466, 2024 WL 2249868, at *2 (E.D. Pa. May 17, 2024) (same); *White v. Lake Union Ga Partners LLC, C/A,* No. 1:23-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) ("[C]ourts across the country have held that [Section 16] does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction"); *Brown v. Home State Bank*, No. 23-CV-1620-BHL, 2023 WL 8436322, at *2 (E.D. Wis. Dec. 5, 2023) (The Federal Reserve Act is "entirely unrelated to consumer finance and does not provide any rights to a private citizen."); *Harp v. Police & Fire Fed. Credit Union*, No. 23-2577, 2023 WL 5152625, at *4 (E.D. Pa. Aug. 10, 2023) ("Section 29 of the Federal Reserve Act . . . imposes penalties on banks for an array of misconduct[,] [b]ut the imposition of civil penalties under Section 29 is carried out by federal officials, and private individuals do not have a private right of action to enforce Section 29 of the Federal Reserve Act."). "[B]ecause no additional facts could cure the fundamental deficiency of this complaint—that Plaintiff does not have the right to sue under this statute"—the undersigned recommends Plaintiff's claims based on FRA be dismissed with prejudice. *Ritchie v. Chan*, No. 23-cv-1715-JO-BGS, 2024 WL 270108, at *2 (S.D. Cal. Jan. 23, 2024).

**2. Truth in Lending Act**

The Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), is designed "to assure a meaningful disclosure of *credit* terms so that the *consumer* will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." *Barrer v. Chase Bank USA, N.A.*, 566 F.3d 883, 887 (9th Cir. 2009) (citing to 15 U.S.C. § 1601(a)) (emphasis added). Pursuant to TILA, creditors must provide borrowers with specific information including finance charges, annual percentage rate, and the right to rescind a transaction. *See, e.g.*, 15 U.S.C. §§ 1635, 1638.

Regulation Z, 12 C.F.R. Part 226, issued by the Board of Governors of the Federal Reserve System, implements TILA. *See* 12 C.F.R. § 226.1(a). The implementing regulations, state that:

> In general, this regulation applies to each individual or business that offers or extends credit when four conditions are met: (i) The *credit* is *offered or extended* to *consumers*; (ii) The offering or extension of credit is done regularly; (iii) The credit is subject to a finance charge or is payable by a written agreement in more than four installments; and (iv) The credit is primarily for personal, family, or household purposes."

12 C.F.R. § 226.1(c)(1) (emphasis added).

"Consumer means a cardholder or natural person to whom consumer credit is offered or extended." 12 C.R.F. § 226.2(a)(11); *see also* 15 U.S.C. § 1602(i) ("The adjective 'consumer', used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person . . ."). "Credit means the right to defer payment of debt or to incur debt and defer its payment." 12 C.F.R. § 226.2(a)(14); *see also* 15 U.S.C. § 1602(f) ("The term 'credit' means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment."). Neither TILA, nor Regulation Z define the terms "offered" and "extended." *See* 15 U.S.C. § 1602; 12 C.F.R. § 226.2. Where a statute or regulation does not explicitly define a term, the court gives the term its "'ordinary contemporary meaning,' and 'may consult dictionary definitions.'" *City of Los Angeles v. Barr*, 941 F.3d 931, 940 (9th Cir. 2019) (quoting *Transwestern Pipeline Co. v. 17.19 Acres of Prop. Located in Maricopa Cty.*, 627 F.3d 1268, 1270 (9th Cir. 2010)). "The most relevant dictionary definition of

both 'extend' and 'offer' in the credit context is 'to make available.'" *Baker v. Rokosz*, --- F. Supp. 3d ----, 2024 WL 3322087, at *9 (E.D.N.Y. July 8, 2024) (citing Merriam-Webster, https://www.merriam-webster.com/dictionary/extend, https://www.merriam-webster.com/dictionary/offer, and Dictionary.com, https://www.dictionary.com/browse/extend-credit-to)); *see also* Blacks Law Dictionary, Offer ("The act or an instance of presenting something for acceptance; specif., a statement that one is willing to do something for another person or to give that person something.").

Here, Plaintiff fails to allege that he is a "consumer" to whom "credit" was "offered or extended." Indeed, the allegations in the Complaint and the exhibits attached indicate that Defendant declined to offer plaintiff credit. Without an offer or extension of credit, Plaintiff is not a consumer protected under TILA. Moreover, even if Plaintiff could be construed as a consumer whom credit was offered or extended to, which he cannot, he has not alleged which disclosures Defendant was required to provide to him and failed to do so.

Plaintiff's claims under the Truth in Lending Act suffer from a fatal defect that cannot be cured. Plaintiff cannot establish he is a covered consumer because not credit was offered or extended. As such, the undersigned recommends that Plaintiff's TILA claims be dismissed with prejudice. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("Although leave to amend should be given freely, denying leave is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'")

### 3. Section 1983

To state a claim under section 1983, a plaintiff is required to plead that (1) a defendant under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes). *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Here, Plaintiff fails to meet both requirements. First, Plaintiff has not alleged that Defendant was "acting under color of state law" when Defendant denied his application for credit. Second, Plaintiff has failed to allege the deprivation of a right secured either by the Constitution or federal statutes because the Complaint makes no reference to a constitutional violation, and as discussed above, Plaintiff has failed to state a deprivation under a federal statute.

## II. AMENDING THE COMPLAINT WOULD BE FUTILE

For the reasons explained above, the Complaint is subject to summary dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.  Typically, pro se plaintiffs are given the opportunity to amend a deficient complaint.  However, in this case, the Complaint suffers from several fatal deficiencies that cannot be cured.  Because it is clear that amendment would be futile, the undersigned recommends dismissal without leave to amend.

## III. PRO SE PLAINTIFF SUMMARY

The magistrate judge is recommending that your case be dismissed, because the Complaint does not provide facts that establish federal jurisdiction or that show a violation of your Constitutional or federal statutory rights.  Because no additional facts could resolve the defects in your claims, the magistrate judge recommends that you not have a chance to amend.  You can object to these recommendations in writing within 14 days.  The district judge will consider your objections and make a final decision.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.  For the reasons explained above, **IT IS RECOMMENDED** that the Complaint (ECF No. 1) be DISMISSED with prejudice and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  *Id.*; *see also* Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED:  December 12, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7