UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NEWSON, | No. 2:24-cv-00279-DJC-SJR |
| Plaintiff, | |
| v. | ORDER |
| MERCEDES-BENZ FINANCIAL SERVICES, | |
| Defendant. | |

Plaintiff James Newson, proceeding pro se and in forma pauperis, moves for reconsideration of the undersigned's Order dismissing his case with prejudice. (Mot. (ECF No. 11).) For the reasons explained below, the motion for reconsideration is DENIED.

**PROCEDURAL HISTORY**

Plaintiff initiated this action on January 22, 2024. (Compl. (ECF No. 1).) The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302(c)(21).

On December 12, 2024, after screening the complaint, the assigned Magistrate Judge issued findings and recommendations recommending dismissal with prejudice for failure to state a claim. (ECF No. 6.) Specifically, the Magistrate Judge concluded

that Plaintiff's claims under the Federal Reserve Act failed because that statute does not provide a private right of action. (*Id.* at 4.) The Magistrate Judge also found that Plaintiff's allegations under the Truth in Lending Act failed because he could not establish that he was a covered consumer within the meaning of the statute. (*Id.*) Finally, the Magistrate Judge reasoned that because Plaintiff had not adequately alleged a violation of either federal or constitutional law, he was unable to state a claim under 42 U.S.C. § 1983. (*Id.*) For all these reasons, the Magistrate Judge recommended dismissal of the action with prejudice, concluding that leave to amend would be futile. (*Id.* at 7.)

Plaintiff filed objections to the findings and recommendations.[1] (ECF Nos. 7, 8.) On February 28, 2025, the undersigned adopted the findings and recommendations in full and directed the Clerk of Court to close the case. (Order (ECF No. 9).) Judgment was entered the same day. (ECF No. 10.) On March 14, 2025, Plaintiff filed a motion for reconsideration of the undersigned's order dismissing the action. (*See generally* Motion.) Thereafter, Plaintiff filed supplemental filings in support of the motion for reconsideration. (ECF Nos. 12, 13.)

## DISCUSSION

Plaintiff moves for reconsideration of the undersigned's Order under Federal Rules of Civil Procedure 59(e) and/or 60(b). (Mot. at 1.)

Under Rule 59(e), a party may file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In contrast, Rule 60(b) applies when a party seeking relief files a motion for reconsideration more than 28 days after the entry of the order from which relief is sought. *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (discussing distinction between motions for reconsideration under Rules 59 and 60). Here,

---

[1] While the first set of objections was timely filed, the second set of "amended" objections was not as it was filed after the fourteen-day window had closed. However, in the interest of justice, the undersigned considered all the objections before adopting the findings and recommendations. (*See generally* Order.)

judgment in this case was entered on February 28, 2025, and Plaintiff filed the instant Motion on March 14, 2025.  (ECF Nos. 10, 11.)  Because there are fewer than 28 days between the date of entry of judgment and the date the Motion was filed, the Court's analysis proceeds under Rule 59(e).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).  The Ninth Circuit has held a motion for reconsideration is "usually available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law."  *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citations omitted).  The district court enjoys considerable discretion in granting or denying the motion for reconsideration.  *See id.* at 492 (citation omitted).

In addition, Local Rule 230(j) requires a movant to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon prior motion, or what other grounds exist for the motion[ ] and why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)–(4).

In the Motion, Plaintiff lists several grounds for reconsideration including (1) failure to consider the breach of contract claim, (2) failure to provide full accounting of the promissory note, (3) misapplication of federal law, (4) due process and civil rights violations, and (5) manifest injustice in dismissal with prejudice. (Mot. at 1–2.)  Plaintiff alternatively seeks leave to amend his complaint. (*Id.* at 2.)  Because Plaintiff fails to show that the Court committed "manifest errors of law or fact," present "newly discovered or previously unavailable evidence," demonstrate that "the decision was manifestly unjust," or explain "that there was an intervening change in controlling law,"

1 as required by *Rishor v. Ferguson*, denial of the motion for reconsideration is
2 appropriate. 822 F.3d at 491–92.

3 **ORDER**

4 For the reasons explained above, Plaintiff's Motion for Reconsideration (ECF
5 No. 11) is DENIED. Plaintiff's subsequent Request for Ruling (ECF No. 12) is DENIED
6 as moot.

   IT IS SO ORDERED.

   Dated:  **October 28, 2025**

   Hon. Daniel J. Calabretta
   UNITED STATES DISTRICT JUDGE

4